IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, <br><br> *Plaintiff*, <br><br> v. <br><br> JENNIFER HART, ALYSSA BRADLEY, VICKIE ALLISON, as guardian of and next friend to minors, R. C. and T. C., and ASSURANCE FUNERAL FUNDING, LLC, <br><br> *Defendants*. | Case No. 1:18-cv-1797 |

## COMPLAINT IN INTERPLEADER

Comes now Plaintiff, Metropolitan Life Insurance Company ("MetLife"), by counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and files MetLife's Complaint in Interpleader and states as follows:

## PARTIES

1. Interpleader Plaintiff, MetLife, is a corporation organized under the laws of the State of New York with its principal place of business in New York City, New York.

2. Upon information and belief, Defendant Jennifer Hart ("Jennifer") is the surviving spouse of Richard Martin Craig (the "Decedent"), and she resides in Camby, Indiana.

3. Upon information and belief, Defendant Alyssa Bradley ("Alyssa") is a daughter of the Decedent, and she resides in Indianapolis, Indiana.

4. Upon information and belief, R. C. is a minor son of the Decedent, and he resides with Vickie Allison, guardian, in Indianapolis, Indiana.

5. Upon information and belief, T. C. is a minor daughter of the Decedent, and she resides with Vickie Allison, guardian, in Indianapolis, Indiana.

6. Upon information and belief, Vickie Allison is the mother of the Decedent and the guardian of Defendant minors R. C. and T. C.

7. Upon information and belief, Defendant Assurance Funeral Funding, LLC is a business in Fishers, Indiana.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

9. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1397, and 28 U.S.C. § 1391(b), in that one or more of the defendants reside in this judicial district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

10. The Decedent, a former employee of Meritor, Inc. ("Meritor"), had Basic Life Insurance coverage under Meritor's plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by Meritor and funded by a group insurance policy issued by MetLife. A true and correct copy of the Plan document is attached hereto as Exhibit A (*bates # Richard Craig Claim File 1-81, 259-407*).

11. At the time of his death, the Decedent was enrolled under the Plan for Basic Life Insurance in the amount of Thirty-One Thousand Dollars ($31,000.00) (the "Plan Benefits").

12. MetLife, as claim fiduciary, must administer claims in accordance with ERISA

and the documents and instruments governing the Plan. 29 U.S.C. § 1104(a)(1)(D).

13. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

14. The Plan document states the following regarding beneficiaries:

> You may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to the Policyholder using a form satisfactory to Us. Your Written request to change the Beneficiary must be sent to the Policyholder within 30 days of the date You Sign such request.
>
> You do not need the Beneficiary's consent to make a change, When We receive the change, it will take effect as of the date You Signed it. The change will not apply to any payment made in good faith by Us before the change request was recorded.
>
> *   *   *

*See* Exhibit A at p. 69 (*bates # Richard Craig Claim File 71*).

15. The most recent accepted Beneficiary Designation Form was signed by the Decedent on August 15, 2016, and it named R. C. and T. C. as primary beneficiaries with each to receive 50% of the Plan Benefits (hereafter the "8/15/16 Beneficiary Designation"). A true and correct copy of the 8/15/16 Beneficiary Designation is attached hereto as Exhibit B (*bates # Richard Craig Claim File 173*).

16. On December 20, 2017, the Decedent signed and attempted to submit a Beneficiary Designation Form that named Jennifer and Alyssa as primary beneficiaries with each to receive 50% of the Plan Benefits, but it was rejected for having information that appeared altered, which was not initialed by the Decedent as required for acceptance of a beneficiary designation form (hereafter the "12/20/17 Rejected Beneficiary Designation"). A true and correct copy of the 12/20/17 Rejected Beneficiary Designation is attached hereto as Exhibit C (*bates #*

3

*Richard Craig Claim File 158-161*).

17. Upon information and belief, Decedent passed away on December 24, 2017. A true and correct copy of the Death Certificate is attached hereto as Exhibit D (*bates # Richard Craig Claim File 179*).

18. After Decedent's death, Jennifer and Alyssa asserted claims for the Plan Benefits based on the 12/20/17 Rejected Beneficiary Designation.

19. Also after Decedent's death, Vickie Allison, as guardian to and on behalf of minors, R. C. and T. C., asserted claims for the Plan Benefits based on the 8/15/16 Beneficiary Designation.

20. Jennifer and Alyssa assigned a portion of their interest in the Plan Benefits to Assurance Funeral Funding, LLC in the amount of Three Thousand Eight Hundred Forty-Three and 95/100 Dollars ($3,843.95). A true and correct copy of the Assignment is attached hereto as Exhibit E (*bates # Richard Craig Claim File 162-163*).

21. MetLife cannot determine whether a court would determine the controlling beneficiary designation form is the 12/20/17 Rejected Beneficiary Designation that was not accepted since it appeared to contain altered information that was not initialed by the Decedent and which named Jennifer and Alyssa as primary beneficiaries to share Plan Benefits equally, or whether instead a court would determine the controlling beneficiary designation form is the 8/15/16 Beneficiary Designation that was the most recent accepted form and which named minors R. C. and T. C. as primary beneficiaries to share Plan Benefits equally.

22. MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits at issue without risking exposure of itself, the Plan, and Meritor to multiple liabilities.

23. If the Court determines the 8/15/16 Beneficiary Designation controls, which

names minors R. C. and T. C. as primary beneficiaries that share the Plan Benefits equally, then Plan Benefits would be payable to Vickie, as guardian of and on behalf of minors, and R. C. and T. C. would each receiving 50% of the Plan Benefits.

24. If the Court determines 12/20/17 Rejected Beneficiary Designation controls, which names Jennifer and Alyssa as primary beneficiaries that share the Plan Benefits equally, then Plan Benefits would be payable first to Assurance Funeral Funding, LLC, up to the assignment in the amount of $3,843.95, and thereafter in equal shares to Jennifer and Alyssa.

25. As a mere stakeholder, MetLife has no interest in the Plan Benefits and makes no claim to the Plan Benefits other than payment of its reasonable attorney's fees and costs in connection with this action. MetLife therefore respectfully requests that this court determine to whom the Plan Benefits should be paid.

26. MetLife is ready, willing, and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

27. MetLife will deposit with the Clerk of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff MetLife requests the Court:

(i) Permit MetLife to pay to the Clerk of the Court the Plan benefits, plus any applicable interest, and minus any applicable attorney fees and costs of filing this action;

(ii) Upon receipt of the Plan Benefits by the Clerk of the Court, and upon MetLife's filing of a Motion to Dismiss, dismiss MetLife with prejudice

      from this action, and discharge MetLife, Meritor, the Plan, and the Policy from any further liability for the Plan Benefits;

(iii)    Require that Defendants litigate or settle and adjust between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid; and

(iv)    Award such other and further relief, including attorney's fees and costs, to which MetLife is entitled in law or equity, as this Court deems just and proper.

Dated: June 13, 2018.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: _s/ Tina M. Bengs_
Tina M. Bengs, IN Bar No. 19751-64
56 S. Washington St., Suite 302
Valparaiso, IN 46383
Phone: 219-242-8664
Fax:    219-242-8669
tina.bengs@ogletreedeakins.com

ATTORNEYS FOR PLAINTIFF

34401763.1